1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JOHN A. MAGANA,

11              Plaintiff,                          No. CIV S-08-0871 WBS KJM P

12         vs.

13    ARNOLD SCHWARZENEGGER, et al.,

14              Defendants.

15    _____/        ORDER

16              Plaintiff is a state prisoner proceeding pro se and seeking relief under 42 U.S.C.

17    § 1983.  On July 9, 2008, the court recommended that this action be dismissed because plaintiff

18    had failed to pay the filing fee or file a request for leave to proceed in forma pauperis.  Plaintiff

19    has now filed a request for leave to proceed in forma pauperis.  Therefore, the court will vacate

20    its recommendation that this action be dismissed.

21              Plaintiff's request for leave to proceed in forma pauperis makes the showing

22    required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be

23    granted.

24              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

25    U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $1.37 will be assessed by this

26    order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

1

1    collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

2    Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

3    preceding month's income credited to plaintiff's prison trust account.  These payments will be

4    forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

5    account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

6           The court is required to screen complaints brought by prisoners seeking relief

7    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

10   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

11   U.S.C. § 1915A(b)(1),(2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in

13   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

14   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15   indisputably meritless legal theory or where the factual contentions are clearly baseless.

16   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

17   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

18   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

19          A complaint, or portion thereof, should only be dismissed for failure to state a

20   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

21   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

22   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

23   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

24   complaint under this standard, the court must accept as true the allegations of the complaint in

25   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

26   /////

2

1  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

2  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3          The court finds the allegations in plaintiff's first amended complaint are so vague

4  and conclusory that it fails to state a claim for relief.  Although the Federal Rules of Civil

5  Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the

6  elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d

7  646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt

8  acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must be

9  dismissed.  The court will, however, grant leave to file an amended complaint.

10         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

11  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

12  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In his current complaint, plaintiff asserts that he

13  has been subjected to overcrowding while in prison but he fails to identify how this has resulted

14  in a violation of his Constitutional rights.  Also, the complaint must allege in specific terms how

15  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

16  is some affirmative link or connection between a defendant's actions and the claimed

17  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

18  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

19  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

20  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21         To the extent plaintiff is attempting to plead violation of the Eighth Amendment

22  based on inadequate medical care, he is advised that he must allege "acts or omissions

23  sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v.

24  Gamble, 429 U.S. 97, 106 (1976).  With respect to inmate overcrowding, he must allege facts

25  showing that the overcrowding subjected plaintiff to a substantial risk of serious harm and that

26  /////

1    defendants were at least deliberately indifferent to that risk.  <u>Farmer v. Brennan</u>, 511 U.S. 825,

2    832-34 (1991) (quoting <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984)).

3            In addition, plaintiff is informed that the court cannot refer to a prior pleading in

4    order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

5    amended complaint be complete in itself without reference to any prior pleading.  This is

6    because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

7    <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

8    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

9    original complaint, each claim and the involvement of each defendant must be sufficiently

10   alleged.

11           In accordance with the above, IT IS HEREBY ORDERED that:

12           1.  The findings and recommendations issued by the court on July 9, 2008 are

13   vacated.

14           2.  Plaintiff's request for leave to proceed in forma pauperis is granted.

15           3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

16   Plaintiff is assessed an initial partial filing fee of $1.37.  All fees shall be collected and paid in

17   accordance with this court's order to the Director of the California Department of Corrections

18   and Rehabilitation filed concurrently herewith.

19           4.  Plaintiff's first amended complaint (docket no. 7) is dismissed.

20           5.  Plaintiff is granted thirty days from the date of service of this order to file an

21   amended complaint that complies with the requirements of the Civil Rights Act, the Federal

22   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

23   docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

24   an original and two copies of the amended complaint; failure to file an amended complaint in

25   accordance with this order will result in a recommendation that this action be dismissed.

26   /////

1              6.  The Clerk of Court is directed to send plaintiff a copy of the form complaint

2  for use in filing a prisoner civil rights action under 42 U.S.C. § 1983.

3  DATED:  January 21, 2009.

4

5                             U.S. MAGISTRATE JUDGE

6  1
    maga871.14(7.30.08)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26