IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MAGANA,

     Plaintiff,                    No. CIV S-08-0871 WBS KJM

   vs.

ARNOLD SCHWARZENEGGER, et al.,

     Defendants.           ORDER

_____/

         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed January 21, 2009, plaintiff's first amended complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed a second amended complaint.

         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

1       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

      The court finds the allegations in plaintiff's second amended complaint still so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the second amended complaint must be dismissed. The court will, however, grant leave to file a third amended complaint.

1    If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate
2 how the conditions complained of have resulted in a deprivation of plaintiff's constitutional
3 rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, as the court previously
4 instructed the plaintiff, the third amended complaint must allege in specific terms how each
5 named defendant is involved.  The second amended complaint names at least nineteen individual
6 defendants, but it is unclear on the face of the complaint what specific acts any of them are
7 alleged to have committed that would give rise to a claim under 42 U.S.C. § 1983.  There can be
8 no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
9 defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.
10 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
11 1978).

12    Furthermore, vague and conclusory allegations of official participation in civil
13 rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.
14 1982). When a named defendant in a prisoner's civil rights case holds a supervisory position, the
15 causal link between that defendant and the claimed constitutional violation must be specifically
16 alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1978).  The plaintiff must allege that
17 the defendant either participated personally in the alleged deprivation, knew of the violations and
18 failed to act to prevent them, or promulgated or "implemented a policy so deficient that the
19 policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the
20 constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)(citations
21 omitted); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

22    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
23 order to make plaintiff's third amended complaint complete.  Local Rule 15-220 requires that an
24 amended complaint be complete in itself without reference to any prior pleading.  This is
25 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
26 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

3

pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, the court notes that the first and second amended complaints are practically identical in their extensive historical references, which range from the Magna Carta to recent U.S. Supreme Court jurisprudence. The philosophical and historical underpinnings of the court's authority to hear this case and of the plaintiff's rights as an American citizen need no further articulation by the plaintiff. The plaintiff is instructed, therefore, to hew to the "short, plain statement" requirement of Rule 8 and to state facts, not prolix invocations of the Anglo-American legal tradition, that would give rise to liability under 42 U.S.C. § 1983.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: July 21, 2009.

_____
U.S. MAGISTRATE JUDGE

4
maga0871.14amd(2.23.09).wpd